AO 91, Rev. 11/82 (K/Newton Authorizing)    **CRIMINAL COMPLAINT**    # 13-033

| United States District Court | DISTRICT: Eastern District of Pennsylvania |
|---|---|

| UNITED STATES OF AMERICA<br>v.<br>Philippe Jeannard | DOCKET NO. |
|---|---|
|  | MAGISTRATE'S CASE NO.<br>13-363-m |

Complaint for violation of Title 18, United States Code § 1028(a)(7), (c)(3)(A).

| NAME OF JUDGE OR MAGISTRATE | OFFICIAL TITLE | LOCATION |
|---|---|---|
| Honorable LINDA K. CARACAPPA | U.S. Magistrate Judge | Philadelphia, PA |

| DATE OF OFFENSE | PLACE OF OFFENSE | ADDRESS OF ACCUSED (if known) |
|---|---|---|
| March 20, 2013 | Philadelphia, PA |  |

**COMPLAINANT'S STATEMENT OF FACTS CONSTITUTING THE OFFENSE OR VIOLATION:**

On or about March 20, 2013, before and after boarding US Airways flight no. 1935 from Philadelphia, Pennsylvania to West Palm Beach, Florida, defendant Philippe Jeannard, who is not an Air France pilot, Philippe Roger JEANNARD knowingly, and without lawful authority, using a means of identification of another person, that is, a fraudulent Air France identification card of a former Air France employee, in connection with a felony under Pennsylvania law, that is, criminal trespass in violation of Title 18, Pennsylvania Consolidated States, Section 3503, by using that fraudulent Air France identification card for access to the cockpit of US Airways Flight 1935.

**BASIS OF COMPLAINANT'S CHARGE AGAINST THE ACCUSED:**

SEE AFFIDAVIT ATTACHED HERETO.

**MATERIAL WITNESSES IN RELATION AGAINST THE ACCUSED:**

Being duly sworn, I declare that the foregoing is true and correct to the best of my knowledge.

SIGNATURE OF COMPLAINANT (official title)
Brian L. Jones

OFFICIAL TITLE
Special Agent, Homeland Security Investigations

Sworn to before me and subscribed in my presence.

SIGNATURE OF MAGISTRATE
Honorable LINDA K. CARACAPPA, United States Magistrate Judge

DATE: 3/25/2013

1) See Federal Rules of Criminal Procedure rules 3 and 54.

# AFFIDAVIT

I, Brian L. Jones, being duly sworn, depose and state as follows:

1. I have been employed as a Special Agent of the United States, Department of Homeland Security, Immigration and Customs Enforcement, Homeland Security Investigations and the agency formally known as Immigration and Naturalization Service within the Department of Justice since May of 1996. I am currently assigned as a detailed Special Agent to the Federal Bureau of Investigation, Joint Terrorism Task Force, Domestic Terrorism Squad and serve as a law enforcement liaison to the Philadelphia International Airport.

2. I have conducted investigations involving international terrorism and domestic threats of terrorism as it relates to aviation. Through training and investigations, I have become familiar with the airport and commercial airline operations, specifically the operations at the Philadelphia International Airport.

3. The information in this Affidavit is based upon my personal knowledge, interviews with Philippe Roger JEANNARD, US Airways employees and other witnesses, and review of various records, as well as information supplied to me by law enforcement officers in Philadelphia, Pennsylvania. What follows is not all of the information I have uncovered during my investigation.

4. During the course of my duties, I became involved in the investigation of the defendant Philippe Roger JEANNARD. The defendant is a native and citizen of the France who entered the United States on March 20, 2013 on US Airways Flight 755 from Paris, France to Philadelphia, PA, and was scheduled to travel on US Airways Flight 1935 from Philadelphia to West Palm Beach, Florida.

5.  On March 20, 2013, I received a notice that US Airways Corporate Security Manager ("the US Airways Manager") had encountered a passenger who had posed as an Air France pilot and entered the cockpit of the aircraft for US Airways Flight 1935. The US Airways Manager stated that the individual, later identified as defendant Philippe Roger JEANNARD, was in Philadelphia Police Department custody and had been transported to the Philadelphia Police Airport Station.

6.  A statement was given by a US Airways gate agent ("the gate agent") who stated that she first interacted with the defendant at the C-30 US Airways departure gate for US Airways Flight 1935. The defendant, wearing a white button-down shirt with an Air France logo and captain's epaulets on his shoulder that resembled the attire of a typical airline pilot, approached the check-in counter and inquired about an upgrade to first class. The defendant was told that there were no available seats in first class and became upset. During the boarding process, the defendant continued to be difficult and a gate supervisor came to speak to him. When asked by the gate supervisor if he was an airline employee, the defendant responded that he was.

7.  One of the flight attendants on US Airways Flight 1935 noticed that the defendant had an Air France identification card and asked, as a matter of courtesy, if the defendant wanted to speak to the pilots of the aircraft.

8.  According to the pilot and co-pilot of US Airways Flight 1935, the defendant came into the cockpit while they were performing their pre-flight duties and checks, and identified himself to them as an Air France Boeing 747 pilot.

9. After general boarding of US Airways Flight 1935, the gate agent proceeded to the airplane cockpit to complete her assigned duties before she secured the airplane door. At this time, she saw the defendant sitting in the jump seat in the cockpit. She told the defendant that, if he was flying on this flight in jump seat status, he would have to return to the departure check-in gate to complete the required paperwork and verifications.

10. The gate agent told the pilot of US Airways 1935 that the defendant was not flying stand-by, but had a confirmed seat assignment and the pilot then told the defendant that he would have to return to his assigned seat.

11. The defendant left the cockpit, but became verbally abusive with the gate agent and one of the flight attendants on the aircraft. As a result, the flight attendant made the determination that the defendant would not be able to continue on the flight.

12. The US Airways Manager was contacted and authorized the rebooking of the defendant to a later flight and proceeded to the gate to further investigation. When he arrived at the gate, he noted that the defendant was wearing an Air France shirt, but the defendant then retrieved a sweater from his bag and put it on over the Air France shirt. The US Airways Manager asked if the defendant was an Air France pilot, and the defendant stated he was not.

13. The defendant was taken to the Philadelphia Police Department Airport Station for further investigation, and was searched prior to being placed in a holding cell. An Air France photo identification card with the defendant's name, photograph, an Air France identification number and a description of the defendant as a

crew member of an A380 aircraft was recovered from the defendant. Police officers also discovered documents appearing to be Air France checklists and flight plans in his briefcase.

14. The defendant was interviewed by Philadelphia police officers and stated that his mother had been an Air France employee and that he was using his mother's Air France identification card, which he had falsified by putting his name, photograph, and a status as an A380 crew member on that card.

15. The defendant was charged in Philadelphia County with criminal trespass, tampering with records, false impersonating, and false identification to law enforcement authorities.

16. On March 21, 2013, Air France Corporate Security was contacted and stated that the defendant was not a current or former Air France employee. Air France Corporate Security provided an example of a valid current Air France identification for verification and it was determined that the Air France identification card in the defendant's possession was fraudulent.

17. Based upon the foregoing, I believe that probable cause exists to arrest Philippe Roger JEANNARD for knowingly, and without lawful authority, using a means of identification of another person, that is, a fraudulent Air France identification card of a former Air France employee, in connection with a felony under Pennsylvania

law, that is, criminal trespass in violation of Title 18, Pennsylvania Consolidated States, Section 3503, by using that fraudulent Air France identification card for access to the cockpit of US Airways Flight 1935.

*[signature]*
Brian L. Jones
Special Agent
Homeland Security Investigations

Sworn and Subscribed before me
this 25th of March, 2013

*[signature]*
HONORABLE LINDA K. CARACAPPA
United States Magistrate Judge